**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

KEITH ROGERS, derivatively on behalf of AEROVIRONMENT, INC.,

Plaintiff,

v.

WAHID NAWABI, KEVIN P. MCDONNELL, MARY CLUM, HENRY ALBERS, CHARLES THOMAS BURBAGE, PHILIP S. DAVIDSON, CINDY K. LEWIS, MARY BETH LONG, EDWARD R. MULLER, STEPHEN F. PAGE, JOSEPH L. VOTEL, and DAVID WODLINGER,

Defendants,

-and-

AEROVIRONMENT, INC.,

Nominal Defendant.

Case No. 1:26-cv-02284-RDA-IDD

Hon. Rossie David Alston, Jr.

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED STOCKHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAYING THE CONSOLIDATED DERIVATIVE ACTION**

BRANDON JACKSON, derivatively on behalf of AEROVIRONMENT, INC.,

Plaintiff,

v.

WAHID NAWABI, HENRY ALBERS, CHARLES THOMAS BURBAGE, PHILIP S. DAVIDSON, CINDY K. LEWIS, MARY BETH LONG, EDWARD R. MULLER, STEPHEN F. PAGE, JOSEPH L. VOTEL, DAVID WODLINGER, KEVIN P. MCDONNELL, and MARY CLUM,

Defendants,

-and-

AEROVIRONMENT, INC.,

Nominal Defendant.

Case No. 1:26-cv-02328-LMB-LRV

| | |
|---|---|
| RICHARD DELMAN, derivatively on behalf of AEROVIRONMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WAHID NAWABI, KEVIN P. MCDONNELL, MARY CLUM, CHARLES THOMAS BURBAGE, PHILIP S. DAVIDSON, CINDY K. LEWIS, MARY BETH LONG, EDWARD R. MULLER, STEPHEN F. PAGE, JOSEPH L. VOTEL, DAVID WODLINGER, and HENRY H. ALBERS,<br><br>Defendants,<br><br>-and-<br><br>AEROVIRONMENT, INC.,<br><br>Nominal Defendant. | Case No. 1:26-cv-03050-AJT-WEF |

Plaintiff Keith Rogers ("Plaintiff Rogers"), Plaintiff Brandon Jackson ("Plaintiff Jackson"), Plaintiff Richard Delman ("Plaintiff Delman," and together with Plaintiff Rogers and Plaintiff Jackson, "Plaintiffs"), individual defendants Wahid Nawabi, Kevin P. McDonnell, Mary Clum, Henry Albers, Charles Thomas Burbage, Philip S. Davidson, Cindy K. Lewis, Mary Beth Long, Edward R. Muller, Stephen F. Page, Joseph L. Votel, and David Wodlinger (the "Individual Defendants"), and nominal defendant AeroVironment, Inc. ("AeroVironment" or the "Company" and, with the Individual Defendants, "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, stipulate as follows:

**WHEREAS**, on July 27, 2026, Plaintiff Rogers filed a verified stockholder derivative complaint on behalf of AeroVironment in this Court against certain of its current and former officers and directors alleging violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breaches of fiduciary duties, unjust enrichment, abuse of control, gross

mismanagement, and waste of corporate assets under Delaware law, and contribution under Sections 10 and 21 of the Exchange Act, captioned *Rogers v. Nawabi, et al.*, Case No. 1:26-cv-02284-RDA-IDD (the "*Rogers* Action");

**WHEREAS**, on July 30, 2026, Plaintiff Jackson filed a stockholder derivative complaint on behalf of AeroVironment in this Court against certain of its current and former officers and directors alleging substantially similar claims as the *Rogers* Action, captioned *Jackson v. Nawabi, et al*, Case No. 1:26-cv-02328 (the "*Jackson* Action");

**WHEREAS**, on September 15, 2026, Plaintiff Delman filed a stockholder derivative complaint on behalf of AeroVironment in this Court against certain of its current and former officers and directors alleging substantially similar claims as the *Rogers* Action and the *Jackson* Action, captioned *Delman v. Nawabi, et al*, Case No. 1:26-cv-03050 (the "*Delman* Action" and together with the *Rogers* Action and the *Jackson* Action, the "Related Derivative Actions");

**WHEREAS**, the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact;

**WHEREAS**, the administration of justice would best be served by consolidating the Related Derivative Actions under Fed. R. Civ. P. 42(a) for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 1:26-cv-02284-RDA-IDD (hereinafter referred to as the "Consolidated Derivative Action");

**WHEREAS**, in order to realize efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Rowley Law PLLC, the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as co-lead counsel for Plaintiffs ("Co-Lead Counsel") in the Consolidated Derivative Action;

**WHEREAS**, a related securities class action captioned *In re AeroVironment, Inc. Securities Litigation*, Case No. 1:26-cv-01429-AJT-WEF (E.D. Va.) (the "Securities Class

Action"), is pending in this District and arises from substantially the same alleged conduct at issue in the Related Derivative Actions;

**WHEREAS**, the Parties agree that a temporary stay of the Consolidated Derivative Action pending the resolution of the Securities Class Action will conserve the resources of the Parties and the Court and promote the efficient administration of justice; and

**WHEREAS**, Defendants agree that the Related Derivative Actions should be consolidated and take no position on the appointment of Co-Lead Counsel for Plaintiffs;

**IT IS HEREBY STIPULATED AND AGREED** among the Parties, and respectfully submitted for the Court's approval, as follows:

1. Counsel for Defendants hereby accepts service of the summons and complaints filed in the Related Derivative Actions on behalf of all named Defendants.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under the first-filed Lead Case No. 1:26-cv-02284-RDA-IDD:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Rogers v. Nawabi, et al.* | 1:26-cv-02284-RDA-IDD | July 27, 2026 |
| *Jackson v. Nawabi, et al.* | 1:26-cv-02328 | July 30, 2026 |
| *Delman v. Nawabi, et al.* | 1:26-cv-03050 | September 15, 2026 |

3. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| IN RE AEROVIRONMENT, INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. 1:26-cv-02284-RDA-IDD<br><br>(Consolidated) |

4. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Lead Case No. 1:26-cv-02284-RDA-IDD. All documents previously filed and/or served in the Related Derivative Actions shall be deemed part of the record in the Consolidated Derivative Action.

5. Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**ROWLEY LAW PLLC**
Shane Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

6. Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work

assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

8. Counsel for all defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. The Consolidated Derivative Action, including all deadlines and proceedings therein, is hereby stayed pending the resolution of the Securities Class Action, including all appeals related thereto. Within fourteen (14) days of the termination of the stay, the Parties will meet and confer and submit a proposed scheduling order to the Court. Defendants are not required to answer or otherwise respond to the respective complaints filed in the Related Derivative Actions during the pendency of the stay or until the deadline set forth in the Court's order on the Parties' proposed schedule. Notwithstanding the foregoing, any Party may apply to the Court for relief from the stay for good cause shown.

10. Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions ("Related Action"), threatened derivative actions, or litigation demands that concern the same or similar subject matter as the complaints in the Consolidated Derivative Action.

11. The Parties agree that if any Related Action is not stayed for at least the same duration and under similar terms as the Consolidated Derivative Action, Plaintiffs may lift the agreed stay upon fourteen (14) days' notice in writing to the undersigned Counsel for Defendants via email and filing such notice with the Court.

12. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Action that are more favorable to the plaintiff(s) therein, Defendants will meet and confer with Plaintiffs and inform Plaintiffs of such terms. If Defendants do not agree that those terms shall apply to this Action, Plaintiffs shall have the option to terminate the stay upon fourteen (14) days' notice to the undersigned counsel for Defendants vial email and filing such notice with the Court.

13. The Parties agree that during the pendency of the stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or formal settlement discussions in the Securities Class Action and shall make a good faith effort to include Plaintiffs in such mediation or formal settlement discussion. In the event Defendants' good faith efforts do not result in including Plaintiffs in the Securities Class Action mediation, then Defendants shall mediate with Plaintiffs in the Consolidated Derivative Action at or about the same time. The Parties further agree that during the pendency of this stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or formal settlement discussions in any other Related Action or in connection with any related demand and will include Plaintiffs in any such mediation.

14. In the event that Defendants, during the pendency of the stay, have produced, agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Class Action or any Related Action, or pursuant to any shareholder demand made by any plaintiff in the Securities Class Action or any Related Action, then copies of such documents shall be provided to Counsel for Plaintiffs within fourteen (14) days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials in the Consolidated Derivative Action. Further, in the event that Defendants produce books and records in response to a purported shareholder's

books and records demand based on allegations involving similar facts and circumstances as those made in the Consolidated Derivative Action, and that purported shareholder does not file a derivative action on behalf of AeroVironment, and a mediation is scheduled as described in Paragraph 13 above, then copies of such documents shall be promptly provided to counsel for Plaintiffs for mediation purposes only in advance of such mediation, subject to the execution of a mutually agreeable confidentiality agreement.

15. The Parties agree that notwithstanding the stay of this Consolidated Derivative Action, Plaintiffs may amend the complaint; however, Defendants need not answer or otherwise respond to Plaintiffs' complaints or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned Consolidated Derivative Action during the pendency of this stay.

16. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re AeroVironment, Inc. Stockholder Derivative Litigation*, Lead Case No. 1:26-cv-02284-RDA-IDD, is hereafter filed in the Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re AeroVironment, Inc. Stockholder Derivative Litigation*, Lead Case No. 1:26-cv-02284-RDA-IDD, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the

Consolidated Derivative Action shall apply to all later shareholder derivative actions involving AeroVironment filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, and such shareholder derivative actions shall be consolidated into the Consolidated Derivative Action.

17. This Stipulation and Order shall not prejudice the right of any party to raise any and all arguments, objections, motions, or defenses that the Parties may assert concerning the claims raised in the Consolidated Derivative Action.

Dated: November 11, 2026

Respectfully submitted,

**SPIRO & BROWNE, PLC**

By: /s/ *David G. Browne*
David G. Browne (VSB No. 65306)
2400 Old Brick Road
Glen Allen, VA 23060
Telephone: (804) 573-9220
Fax: (804) 836-1855
Email: dbrowne@sblawva.com

*Local Counsel for Plaintiff Rogers*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown (to be admitted *pro hac vice*)
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Rogers and [Proposed] Co-Lead Counsel*

Dated: November 11, 2026

**SUTTER & TERPAK, PLLC**

By: /s/ *Matthew T. Sutter*
Matthew T. Sutter (VSB No. 66741)
7540 Little River Turnpike, Suite A

Annandale, VA 22003
Telephone: (703) 256-1800
Fax: (703) 991-6116
Email: matt@sutterandterpak.com

*Local Counsel for Plaintiff Jackson*

**ROWLEY LAW PLLC**
Shane Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
drl@rowleylawpllc.com

*Counsel for Plaintiff Jackson and [Proposed] Co-Lead Counsel*

**BRIAN MURRAY LAW PLLC**
Brian P. Murray
750 E. Main Street
Suite 620
Stamford, CT 06901
Tel: (203) 246-2368
Email : bmurray@brianmurraylaw.com

*Additional Counsel for Plaintiff Jackson*

Dated: November 11, 2026

**BUTLER CURWOOD**

By: /s/ *Paul M. Falabella*
Paul M. Falabella (VSB No. 81199)
Zev Antell (VSB No. 74634)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
Email: paul@butlercurwood.com

*Local Counsel for Plaintiff Delman*

**SHUMAN, GLENN & STECKER**
Brett D. Stecker
300 Countryview Drive

Bryn Mawr, PA 19010
Telephone: (303) 861-3003
Email: brett@shumanlawfirm.com

*Counsel for Plaintiff Delman*

Dated: November 11, 2026

**MCGUIREWOODS LLP**

By: /s/ *Garrett H. Hooe*
Garrett H. Hooe (VSB No. 83983)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1065
Email: ghooe@mcguirewoods.com

*Counsel for all Defendants and Nominal Defendant AeroVironment, Inc.*

IT IS SO ORDERED this 12 day of November, 2026.

Honorable Rossie David Alston, Jr.